# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 11, 2008

134490

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

CHARNELL GOODWIN,
        Defendant-Appellant.
_____/

SC: 134490
COA: 276338
Wayne CC: 90-001369

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the June 21, 2007 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

KELLY, J., dissents and states as follows:

Defendant pleaded guilty of assault with intent to murder and possession of a firearm during the commission of a felony. He was sentenced to life in prison, with the possibility of parole, for the assault conviction. In this motion for relief from judgment, defendant challenges the legitimacy of that sentence in light of the current Michigan Parole Board's "life means life" policy. In *Foster-Bey v Rubitschun*,[1] Judge Marianne O. Battani of the United States District Court for the Eastern District of Michigan held that changes made to Michigan's parole law and polices in 1992 and 1999 violated the Ex Post Facto Clause of the United States Constitution.[2] For the reasons discussed in my dissenting statement in *People v Scott*, ___ Mich ___ (Docket No. 134743, issued January 11, 2008), I believe the Court should grant leave to appeal in this case as well as in *Scott* to consider the jurisprudentially significant issues raised in the *Foster-Bey* decision.

CAVANAGH, J., joins the statement of KELLY, J.

---

[1] Unpublished opinion of the United States District Court for the Eastern District of Michigan, issued October 23, 2007 (Docket No. 05-71318).

[2] US Const, art I, § 10, cl 1.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 11, 2008

d0108

_____
Clerk